IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUIS MIJANGOS, # 59209-112, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-cv-1080-MJR |
| | ) |
| JAMES CROSS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Luis Mijangos, who is currently incarcerated at Greenville Federal Correctional Institution ("Greenville"), brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). (Doc. 1). Plaintiff claims that Defendant James Cross (Warden at Greenville) has violated his rights under the Eighth Amendment by denying him adequate medical treatment.

Plaintiff commenced this action by filing an emergency motion requesting injunctive relief. *Id*. Plaintiff did not file a separate civil complaint with his motion. However, the Court, in its discretion, will liberally construe the emergency motion as a complaint seeking injunctive relief and will refer to it as the complaint throughout this order. *See* FED. R. CIV. P. 8(e).

## Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen

prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The request for emergency injunctive relief will be considered in conjunction with the requisite preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

## The Complaint

The facts relevant to the Court's threshold review are as follows: Plaintiff has been a T5 complete paraplegic from his chest down to his feet since 1997 when he sustained a gunshot wound, which severed his spine. (Doc. 1, p. 2). Since then, Plaintiff has had no voluntary urinary function and he has been unable to maintain bowel functions without the use of laxative suppositories. *Id*. Plaintiff claims that over time he discovered that only one type of laxative, "Magic Bullet," in its non-generic form was effective at maintaining his bowel functions without adverse side effects. *Id*. at 3.

Prior to his transfer to Greenville, Plaintiff was incarcerated at Big Springs Correctional Center ("Big Springs") in Big Springs, Texas. *Id*. at 1. While at Big Springs, Plaintiff initially encountered some difficulty obtaining a prescription for Magic Bullet, but eventually a doctor at Big Springs approved his request and Plaintiff was prescribed the non-generic form of Magic Bullet. *See id*. at 17-27.

Following Plaintiff's transfer from Big Springs to Greenville on February 11, 2014, Plaintiff had a meeting with the Greenville medical staff regarding his medical condition and current medications. Following this meeting, Greenville medical staff refused to provide the brand name version of Magic Bullet and instead Plaintiff was prescribed Bisacodyl, a generic

version of the medication.  *Id*. at 3.  Plaintiff asserts that he tried Bisacodyl, but not only did it fail to stimulate his bowels, it also resulted in severe abdominal pain and urinary tract infections. *Id*. at 3.  Plaintiff maintains that he has reported these problems to the medical staff and requested a change in his medication, but that the medical staff has refused to switch Plaintiff back to the Magic Bullet.  *Id*. at 3-4.  Plaintiff is requesting immediate injunctive relief in the form of an order from the Court directing Defendant to provide Plaintiff with his proper medications.  In the alternative, Plaintiff requests that the Court appoint him counsel and hold an evidentiary hearing on this matter.

### Discussion

**Count 1: Eighth Amendment Claim**

To establish an Eighth Amendment medical needs claim, Plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs.  *See Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).  The complaint satisfies the objective prong of this test.  The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997).

Plaintiff has been diagnosed with bowel dystonia; as such, he is unable to maintain proper bowel function without the use of a laxative suppository.  Currently, Plaintiff alleges that the medication he is being given does not regulate his bowels and, in fact, causes him extreme abdominal pain.  These allegations meet the threshold requirement for a "serious" medical need.  Plaintiff further alleges that Defendant was made aware of Plaintiff's medical condition, but refused to provide Plaintiff with the medication he needed to effectively treat his

condition.  In a claim for injunctive relief, the government official who is responsible for carrying out the requested relief would be named as a defendant in his or her official capacity. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).  In the context of prison litigation, the official is usually the warden of the institution where the inmate is incarcerated. Accordingly, Plaintiff may proceed on his claim for injunctive relief against James Cross, in his official capacity as Warden of Greenville.

**Motion for Emergency Relief**

In Plaintiff's request for emergency injunctive relief, Plaintiff requests that the Court enter an order either 1) compelling Defendant to provide Plaintiff with the proper medication or 2) appointing counsel for an evidentiary hearing.  (Doc. 1, p. 5).  It is unclear whether Plaintiff is seeking a preliminary injunction or a temporary restraining order.

In order to obtain preliminary injunctive relief, whether through a temporary restraining order or a preliminary injunction, Plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Plaintiff will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007).  If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction.  *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999).

The Court's preliminary review dictates that Plaintiff's request for injunctive relief in the form of either a temporary restraining order or a preliminary injunction deserves prompt consideration.  Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for emergency relief (Doc. 2) is hereby **REFERRED** to United States Magistrate Judge

Stephen Williams, who shall resolve the request for injunctive relief as soon as practicable. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Williams.

### Additional Pending Motion

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) remains pending and shall be addressed by the Court in a separate order.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff may proceed on his medical needs claim (Count 1) for injunctive relief against Defendant **CROSS**, in his official capacity.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **CROSS**. The Clerk shall issue the completed summons, and prepare a service packet for Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (and motion for emergency relief) (Doc. 1) and this Memorandum and Order. The Clerk shall deliver the service packet for Defendant to the United States Marshal Service for personal service on Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon Defendant, the service packets containing the summons, form USM-285, a copy of the complaint (and motion for emergency relief) (Doc. 1) and this Memorandum and Order. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service. The Court will not require Defendant to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for injunctive relief.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Williams for further pre-trial proceedings, including a decision on Plaintiff's motion for emergency injunctive relief.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even if his application to proceed *in forma pauperis* has been granted.  See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 10, 2014**

                    s/ MICHAEL J. REAGAN
                    Chief District Judge